# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WAYNE E. GILLESPIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-00609-NCC |
| ) | |
| ANNE L. PRECYTHE,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 6). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

## I. BACKGROUND

On August 23, 2012, Petitioner was found guilty by a jury in the Circuit Court of St. Louis City, Missouri of robbery in the first degree (Count I) and kidnapping (Count III) (Doc. 8-3 at 31). On September 14, 2012, the Circuit Court sentenced Petitioner to thirty years' imprisonment on each count to run concurrently in the custody of the Missouri Department of Corrections (*Id.* at 57-59). Petitioner appealed the judgment, raising two claims:

---

[1] The Court notes that the warden position is currently vacant at the Potosi Correctional Center, where Petitioner is housed. *See Missouri Dep't Corr. Warden Listing*, http://doc.mo.gov/DAI/ Warden_Listings.pho (last visited Dec. 23, 2019). Because Petitioner is challenging a judgment under which he is currently in custody and not one subjecting him to future custody, the Director of the Missouri Department of Corrections, Anne L. Precythe, is substituted as the proper party respondent in this action. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, *Advisory Committee Notes*.

> (1) The trial court erred in admitting the rebuttal testimony of Officer Stephen Perry because it was outside the scope of rebuttal in that the State injected the issue of victim Zia Choudhury's ("the victim") sobriety into trial; and
>
> (2) The trial court erred by admitting evidence that Petitioner neglected to tell police that James Scott was the second man involved in the incident because such evidence improperly commented on Petitioner's post-arrest silence.

(Doc. 8-2). On June 18, 2013, the Missouri Court of Appeals affirmed Petitioner's conviction and sentence on direct appeal (*Id.*; *State v. Gillespie,* 401 S.W.3d 560 (Mo. Ct. App. 2013)).

Petitioner timely filed a *pro se* motion for post-conviction relief raising twenty-seven claims (Doc. 8-7 at 7-23). On January 20, 2014, counsel filed on Petitioner's behalf an amended motion requesting an evidentiary hearing and asserting that Petitioner's trial counsel was ineffective for failing to call Donna Pate as a witness at trial and for failing to investigate and to call Rebecca Choudhury and Charles Martin as witnesses at trial (*Id.* at 29-50). Counsel attached a copy of the twenty-seven claims included in Petitioner's *pro se* motion to the amended motion (*Id.*). After an evidentiary hearing, the motion court denied Petitioner's motion (*Id.* at 57-71). Of note, the motion court indicated that Petitioner may have been abandoned by counsel in light of counsel's untimely filing of the amended motion but found the abandonment harmless as the motion court purported to address "all claims in both the *pro se* motion and amended motion" (*Id.* at 57, n.1). The motion court did address all three claims included in the amended motion filed by counsel and also twenty-five of the twenty-seven claims filed by Petitioner in his *pro se* motion (*Id.* at 57-71). Petitioner, with the assistance of counsel, filed an appeal asserting that the motion court erred in failing to conduct an abandonment hearing after appointed counsel filed a late amended motion and that not all of Petitioner's *pro se* claims were adjudicated by the motion court (Doc. 8-5). On May 17, 2016, the Missouri Court of Appeals for the Eastern District affirmed the motion court's denial of the motion (*Id.*; *Gillespie v. State*, 504 S.W.3d 68 (Mo. Ct.

App. 2016)).

On February 10, 2017, Petitioner filed his Petitioner under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody raising the follow 6 grounds:

1) The trial court erred by admitting the rebuttal testimony of Officer Stephen Perry;

2) The trial court erred by permitting the prosecutor to cross-examine Petitioner about his failure to tell police investigators about his co-defendant;

3) Ineffective assistance of trial counsel for failing to call Donna Pate as a witness;

4) Ineffective assistance of trial counsel for failing to call Rebecca Choudhury as a witness;

5) Ineffective assistance of trial counsel for failing to call Charles Martin as a witness; and

6) The post-conviction motion court erred when it did not conduct an abandonment hearing after counsel filed Petitioner's amended motion late (Doc. 1).

## II. DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, to exercise only "limited and deferential review" of underlying state court decisions. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v.*

*Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

**A. Procedural Default**

Petitioner's Grounds 3, 4, and 5 are procedurally defaulted and may not give rise to federal habeas relief (Doc. 1-1 at 2-3). Additionally, to the extent Petitioner appears to assert in his "supporting facts" that the motion court failed to address two of the twenty-seven issues raised by Petitioner in his *pro se* motion for post-conviction relief, these claims are also procedurally defaulted (*Id.* at 4). To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Id.* at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. *Id.* at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded

4

counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner failed to raise Grounds 3, 4, and 5 before the post-conviction appellate court. Petitioner also failed to raise the two claims not addressed by the post-conviction motion court before the post-conviction appellate court.[2] Petitioner asserts, as cause for the default, that post-conviction appeal counsel was ineffective for failing to raise these grounds before the post-conviction appeal court (Doc. 1 at 11). However, ineffectiveness of post-conviction appellate counsel cannot constitute cause to excuse a petitioner's default. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Therefore, the Court will deny these claims as procedurally defaulted.

**B. Non-Cognizable Claims**

Petitioner's Grounds 1, 2, and 6 are not cognizable in a federal habeas corpus action. First, in Ground 6, Petitioner asserts that the post-conviction motion court erred when it did not conduct an abandonment hearing after counsel filed Petitioner's amended motion late. "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990). An alleged infirmity to the state post-conviction proceedings is not cognizable in a federal habeas petition. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *See also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (internal quotations and citations omitted) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application."). Therefore, the Court will deny Ground 6 as not cognizable.

---

[2] The post-conviction appellate court noted the post-conviction motion court's inadvertent error but also indicated Petitioner had not filed a motion to amend the judgment and only raised one point on appeal (Doc. 8-5 at 3).

Grounds 1 and 2 raise issues regarding the trial court's evidentiary rulings. The United States Supreme Court has held that "'federal habeas corpus relief does not lie for errors of state law" and that "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition. *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990); *Johnson v. Steele*, No. 4:11CV01022 SNLJ, 2014 WL 4627174, at *7 (E.D. Mo. Sept. 12, 2014). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004) (citing *Estelle*, 502 U.S. at 68). In order to implicate a petitioner's constitutional due process rights, an evidentiary mistake must be "so egregious that [it] fatally infected the proceedings and rendered [Petitioner's] entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). *See Dowling v. United States*, 493 U.S. 342, 352-54 (1989) (noting that evidentiary issues only implicate the Due Process Clause where they threaten "fundamental conceptions of justice").

**1. Ground 1: Officer Perry's Rebuttal Testimony**

In Ground 1, Petitioner asserts that the trial court erred by admitting the rebuttal testimony of Officer Stephen Perry. Specifically, Petitioner argues that Officer Perry's testimony was outside the scope of rebuttal because the State injected the issue of the victim's sobriety into trial. Petitioner asserts that raising the issue of the victim's sobriety harmed Petitioner's credibility.

The trial court's evidentiary ruling was not so egregious that it rendered Petitioner's whole trial fundamentally unfair. Petitioner testified in his own defense and stated that the victim bought marijuana from him on the night in question and smoked some with him (Doc. 8-8 at 327-78). Petitioner further testified that he, another individual, "Charles," and the victim smoked a joint laced with cocaine (*Id.* at 329-31). Petitioner stated that the victim stiffed him on payment for the marijuana and Charles on payment for the cocaine (*Id.* at 331). When the victim tried to walk away without paying, Petitioner grabbed the victim and Charles grabbed the victim's wallet (*Id.* at 331-33). Petitioner testified that the victim gave Charles his pin number and Charles asked the victim to go to the ATM with him but the victim said he was too high to walk there (*Id.* at 333, 345). The State subsequently presented the testimony of Officer Perry (*Id.* at 372). Officer Perry testified that he had experience with people under the influence of crack cocaine; he did not get the impression that the victim was under the influence of crack cocaine when he interviewed the victim after the incident; and the victim was calm and spoke coherently (*Id.* at 373-374). The appellate court found Officer Perry's testimony to have been properly introduced to disprove or counteract Petitioner's testimony and denied Petitioner's claim (Doc. 8-2 at 6). Missouri law provides that the scope of rebuttal testimony is left to the sound discretion of the trial court. *Driscoll v. Delo*, 71 F.3d 701, 715 (8th Cir. 1995). The explanation given by the Missouri Court of Appeals warrants deference and is not a contrary or unreasonable application of federal law. Within limits, a trial judge may control the scope of rebuttal testimony. *Geders v. United States*, 425 U.S. 80, 86 (1976). Once a witness, especially a defendant-witness, testifies to a specific fact on direct testimony, the trial judge has broad discretion to admit evidence tending to contradict the specific statement. *United States v. High*

*Elk*, 442 F.3d 622, 625 (8th Cir. 2006). Therefore, the Court will deny Ground 1 as not cognizable.

### 2. Ground 2: Cross-Examination of Petitioner

In Ground 2, Petitioner argues that the trial court erred by permitting the prosecutor to cross-examine Petitioner about his failure to tell police investigators about his co-defendant. Specifically, Petitioner asserts that this evidence improperly commented on Petitioner's post-arrest silence in violation of Petitioner's rights to due process, a fair trial, and to remain silent as guaranteed by the fifth, sixth, and fourteenth amendments to the United State Constitution.

After being read his *Miranda* rights, Petitioner told Detective Douglas McPherson his version of what happened on the night of the incident (Doc. 8-8 at 368). Petitioner told the Detective that he did not know the second man involved but that he was just someone he "had seen around" (Doc. 8-2 at 7) Later, at trial, Petitioner testified that the second man was "Charles" (*See, e.g.,* Doc. 8-8 at 328-33 (repeatedly referring to the second individual as "Charles"). The prosecutor cross-examined Petitioner and asked why Petitioner did not tell the Detective that Charles was the second man involved (*Id.* at 343-50). In doing so, the prosecutor pointed out the discrepancies between Petitioner's statement to the Detective and his testimony at trial regarding the second man (*Id.* at 352-62).

As a preliminary matter, this ground is procedurally defaulted. Although Petitioner raised Ground 2 before the state court on direct appeal, the appellate court noted that Petitioner did not object to this evidence at trial and that the claim was therefore not preserved for appeal. The court nevertheless reviewed the claim for plain error. However, under Eighth Circuit law, a state court's discretionary plain-error review of unpreserved claims cannot excuse a procedural default. *Clark v. Bertsch*, 780 F.3d 873, 877 (8th Cir. 2015).

8

Regardless, the trial court's evidentiary ruling was not so egregious that it rendered Petitioner's whole trial fundamentally unfair. The appellate court, on plain error review, determined that the State was allowed to explore any omissions in Petitioner's statement to the detective because Petitioner waived his right to remain silent, chose to give a detailed statement to the detective upon interrogation, and then testified inconsistently with this statement at trial (Doc. 8-2 at 7-8). Thus, the appellate court concluded that there was no error in the trial court's failure to *sua sponte* exclude this admissible evidence (*Id.* at 8). The Missouri state appellate court reasonably applied clearly established federal law. The State is generally prohibited from impeaching a defendant with his or her silence after the defendant is arrested and has received *Miranda* warnings. *Doyle v. Ohio*, 426 U.S. 610, 618-19 (1976). However, as is the case here, if the defendant does not choose to remain silent and, instead makes a statement to law enforcement, the prior inconsistent statement may be used to impeach defendant's testimony. *Anderson v. Charles*, 447 U.S. 404, 408-09 (1980). Therefore, the Court will deny Ground 2 as not cognizable.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued. 28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order.

Dated this 23rd day of December, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE